```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

WILLIAM HENRY MOORE,                :
                                    :
    Plaintiff,                     :
                                    :
v.                                  :    CIVIL ACTION 06-0381-M
                                    :
MICHAEL J. ASTRUE,[1]               :
Commissioner of                     :
Social Security,                    :
                                    :
    Defendant.                     :


MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (Docs. 1, 9). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 15).

Defendant has filed a Motion and Memorandum for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 13). Defendant has

---

[1] Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

stated that Plaintiff's attorney has no objection to the motion (Doc. 13, p. 2).

Defendant states the following:

> On remand by the Court, the Appeals Council will remand this case to an Administrative Law Judge (ALJ) for further consideration of the claimant's mental and physical impairments and the medical source opinions regarding the nature, severity and limiting effects of those impairments.  Supplemental evidence from a vocational evidence [sic] will also be obtained, as and if appropriate.

(Doc. 13, pp. 1-2).  This is a tacit admission that Plaintiff's application was not appropriately considered and that this action should be reversed.  Without reviewing the substantive evidence of record, this Court accepts Defendant's acknowledgment of error.

It appears to the Court that the decision of the Secretary should be reversed and remanded.  Such remand comes under sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this report, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Therefore, it is **ORDERED**, without objection from Plaintiff, that Defendant's Motion to Remand under sentence four be **GRANTED** (Doc. 15) and that this action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings not inconsistent with the orders of this Court.

Judgment will be entered by separate order.

DONE this 12th day of March, 2007.

                                                            s/BERT W. MILLING, JR.
                                                            UNITED STATES MAGISTRATE JUDGE